THIS LETTER IS IN RESPONSE TO YOUR REQUEST FOR AN OPINION ADDRESSING WHETHER A REAL ESTATE LICENSE IS REQUIRED OF AN INDIVIDUAL OR COMPANY WHICH PERFORMS THE FOLLOWING ACTS:
 1. SOLICITS FOR SELLERS TO PLACE THEIR HOMES IN AN ADVERTISED BROCHURE FOR A FEE;
 2. THE ADVERTISING BROCHURE, AS WELL AS THE SIGNS PLACED IN FRONT OF THE HOME, DISPLAY THE COMPANY'S TELEPHONE NUMBER RATHER THAN THE SELLER'S;
 3. WHEN INQUIRIES ARE MADE, THE COMPANY WILL DISCLOSE INFORMATION AS PROVIDED BY THE SELLER, INCLUDING THE SALES PRICE, AND WILL ARRANGE AN APPOINTMENT BETWEEN A PROSPECTIVE BUYER AND THE SELLER, THEREBY MAINTAINING PRIVACY FOR THE SELLER;
 4. THE COMPANY EXPLICITLY STATES THEY WILL NOT NEGOTIATE, SHOW THE PROPERTY PREPARE CONTRACTS, NOR ACCEPT ERNEST MONEY;
 5. THE COMPANY DOES, HOWEVER, STATE THAT IT WILL PERFORM OTHER RELATED REAL ESTATE FUNCTIONS, INCLUDING, BUT NOT, LIMITED TO, MARKET ANALYSIS, QUALIFYING THE BUYER, ETC.; AND
 6. THE COMPANY STATES THAT IF THE SELLER IS UNHAPPY WITH THE PROGRAM, THE COMPANY WILL "SEE THAT THE SELLER'S HOME GETS LISTED' WITH ONE OF THE TOP REAL ESTATE BROKERS IN THE AREA AND, AT THE TIME OF CLOSING, THE SELLER'S MONEY WILL BE REFUNDED IN FULL?
THE ANSWER TO YOUR QUESTION REALLY TURNS UPON THE DEFINITION OF THE WORD "LIST" AS USED IN 59 O.S. 858-102(2) AND WHETHER "LISTING" REQUIRES PARTICIPATION IN THE NEGOTIATION OR ACTUAL SALE OF THE PROPERTY. ALTHOUGH THE OKLAHOMA COURTS HAVE NEVER INTERPRETED THE TERM "LIST" IN THIS SECTION, THE LANGUAGE OF THE SECTION 59 O.S. 858-102(2) ITSELF IS TELLING; THAT SECTION DEFINES THE TERM REAL ESTATE BROKER TO INCLUDE
 "ANY PERSON, PARTNERSHIP, ASSOCIATION OR CORPORATION, FOREIGN OR DOMESTIC, WHO FOR A FEE, COMMISSION OR OTHER VALUABLE CONSIDERATION OR WHO WITH THE INTENTION OR EXPECTATION OF RECEIVING OR COLLECTING A FEE, COMMISSION OR OTHER VALUABLE CONSIDERATION, LISTS, SELLS OR OFFERS TO SELL, BUYS OR OFFERS TO BUY, EXCHANGES, RENTS OR LEASES ANY REAL ESTATE, OR WHO NEGOTIATES OR ATTEMPTS TO NEGOTIATE ANY SUCH ACTIVITY OR SOLICITS LISTINGS OF PLACES FOR RENT, OR SOLICITS FOR PROSPECTIVE TENANT, OR WHO ADVERTISES OR HOLDS HIMSELF OUT AS ENGAGED IN ANY SUCH ACTIVITIES."
(EMPHASIS ADDED).
THERE IS NO DOUBT THAT SOME OF THE ACTIVITIES WHICH ARE OUTLINED IN YOUR QUESTION ARE ACTIVITIES WHICH ARE ASSOCIATED WITH THE "LISTING" OF A PIECE OF REAL PROPERTY FOR SALE, IN PARTICULAR 1, 2, 3, AND 5. THE ACTIVITIES WHICH THIS COMPANY EXPLICITLY STATES IT CANNOT PERFORM (UNDER NO. 4 ABOVE), ARE ACTIVITIES WHICH WE WOULD MORE COMMONLY DELINEATE AS BEING PART OF THE NEGOTIATION OR SALE OF THE PROPERTY.
IN 59 O.S. 585-102(2) THE LEGISLATURE HAS EXPLICITLY OUTLINED THE DIFFERENT ACTIVITIES WHICH MUST BE PERFORMED BY A REAL ESTATE BROKER; IN SO DOING THE LEGISLATURE HAS SEPARATED THE FUNCTIONS OF LISTING, SELLING, AND NEGOTIATING. BECAUSE THE LEGISLATURE IS PRESUMED NEVER TO DO A VAIN THING, WE MUST INTERPRET THE SEPARATE DELINEATION OF THESE ACTIVITIES AS AN INDICATION THAT EACH OF THE ACTIVITIES, IN THEMSELVES, REGARDLESS OF THERE CONJUNCTION WITH ANOTHER OF THE ACTIVITIES, IS SUFFICIENT TO CONSTITUTE THE ACTION OF A REAL ESTATE BROKER AND SO TO TRIGGER THE LICENSING REQUIREMENTS OF THE ACT.
THE FACT THAT THIS COMPANY DOES NOT PERFORM ALL OF THE ACTIVITIES INCIDENT TO "BROKERING" A PIECE OF PROPERTY DOES NOT DIMINISH THE FACT THAT BY PERFORMING SOME OF THE DELINEATED ACTIVITIES, NAMELY THE LISTING OF A PROPERTY, THE COMPANY MAKES ITSELF SUBJECT TO THE TERMS OF THE REAL ESTATE LICENSING ACT.
(REBECCA RHODES)